IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BOBBY A. BARNES and RONALD W. BARNES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 116-009 |
| BILLY R. WHITFIELD and CARRIER CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**
_____

In this dispute concerning an automobile accident, Plaintiff alleges negligence by Defendant Billy R. Whitfield in rear-ending Plaintiff's vehicle. (See doc. no. 1-1.) Plaintiff originally filed this action in the Superior Court of Richmond County, and Defendant filed a notice of removal on January 27, 2016 due to diversity of citizenship and the fact that Plaintiff Ronald Barnes made a demand of $75,000 to resolve his claims prior to filing suit. (Doc. no. 1, p. 7.). Plaintiffs' complaint does not state a specific amount of damages but alleges back and neck sprains which caused months of rehabilitation and chronic pain and suffering as to both Plaintiffs. (Doc. no. 1-1, pp. 3-4.)

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in

1

controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  If the amount is not facially apparent from the complaint, the court should look to the notice of removal and may require additional evidence relevant to the amount in controversy at the time the case was removed.  Id.  Further, the burden of proving the jurisdictional amount lies with the removing defendant.  Id.  A settlement offer is relevant to determining the amount of controversy but not determinative that the case meets the jurisdictional amount.  See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994).

Here, Plaintiffs do not request a specific amount of damages in their complaint, and the only basis in the notice of removal for removing the case is a demand for $75,000 by Ronald Barnes.  However, such a settlement demand may simply reflect "puffing and posturing" and is not conclusive as to the amount in controversy.  Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).  Thus, the Court will hold a hearing on April 12, 2016 at 2:00 PM in Courtroom One of the Federal Courthouse in Augusta, Georgia to allow Defendants to come forward and produce evidence demonstrating this case exceeds the jurisdictional amount.

SO ORDERED this 30th day of March, 2016, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA