IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BOBBY A. BARNES and RONALD W. BARNES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 116-009 |
| BILLY R. WHITFIELD and CARRIER CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

_____

**O R D E R**

_____

Before the Court is a dispute concerning Plaintiffs' failure to disclose expert witness summaries. The Court **GRANTS** in part Defendants' motion for sanctions (doc. no. 22), **DENIES** Defendants' request to exclude any potential expert witnesses or expert testimony offered by Plaintiffs, **ORDERS** Plaintiffs to furnish expert witness disclosures to Defendants by October 24, 2016, and by the same deadline **ORDERS** Defendants to file an itemization of their costs and attorneys' fees accrued in preparing and filing their motion so that the Court may impose monetary sanctions. The Court **DENIES AS MOOT** Plaintiffs' Motion for Extension of Time to File a Response (doc. no. 23) and **EXTENDS** remaining deadlines in a contemporaneous Revised Scheduling Order.

# I.   BACKGROUND

Plaintiffs filed this lawsuit in the Superior Court of Richmond County regarding a car accident between themselves and Defendant Whitfield.  (Doc. no. 1.)  Defendants removed the case to federal court, and the parties conducted a Rule 26(f) planning meeting to confer on a schedule for the case.  (Doc. no. 1, 7.)  Based on the parties' 26(f) report, the Court entered a scheduling order setting a deadline of July 12, 2016 for Plaintiffs' expert witness disclosures.  (Doc. no. 8.)  On June 16, 2016, the Court entered a revised scheduling order based on the parties' consent motion extending the deadline for Plaintiffs to disclose expert witnesses to September 1, 2016.  (Doc. no. 20.)

On September 7, 2016, Defendants sent Plaintiffs a letter seeking disclosure of Plaintiffs' experts.  (Doc. no. 22, Ex. B, Attch. 3.)  Later that day via email correspondence, Plaintiffs' counsel expressed his belief Plaintiffs need not disclose non-retained experts.  (Id.)  When questioned about his position, Plaintiffs' counsel failed to respond.  (Id.)  Having not heard from Plaintiffs, Defendants filed the present motion nine days later on September 16, 2016, asking the Court to exclude any expert testimony for the failure.  (Doc. no. 22.)  Plaintiffs do not contend that they were required to disclose their experts by September 1, 2016, or that they failed to do so.  (Doc. no. 24.)  Plaintiffs' counsel's only excuse is he was recently associated on the case and misinterpreted both the Order and the Federal Rule.  (Id.)  Plaintiffs contend they can make the required disclosures by October 3, 2016, and concede monetary sanctions and a revised scheduling order are appropriate.  (Doc. no. 24.)

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(a)(2), a party must disclose "any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Furthermore, if that witness is "retained or specially employed to provide expert testimony," the disclosure also much contain a written report prepared by the witness summarizing their opinions and the basis for them. Fed. R. Civ. P. 26(a)(2)(B).

Even when not retained, treating physicians must be disclosed in accordance with Rule 26(a) where they intend to offer opinions unrelated to treatment based on their special knowledge. See Rangel v. Anderson, –F. Supp. 3d–, No. 2:15-CV-81, 2016 WL 4468558, at *2 (S.D. Ga. Aug. 23, 2016) ("Treating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient."); Wilson v. Taser Int'l, Inc., 303 F. App'x 708, 712 (11th Cir. 2008) ("[A] treating physician may testify as a lay witness regarding his observations and decisions during treatment of a patient, [but] once the treating physician expresses an opinion unrelated to treatment which is 'based on scientific, technical, or other specialized knowledge,' that witness is offering expert testimony. . . .").

Although treating physicians need not provide the Rule 26(a)(2)(B) report since they are not "retained or specially employed," they still must disclose the subjects of their testimony and a summary of the facts and opinions on which they are expected to testify. Fed. R. Civ. P. 26(2)(C); Rangel, 2016 WL 4468558, at *2; Kondragunta v. Ace Doran

Hauling & Rigging Co., No. 1:11-CV-01094-JEC, 2013 WL 1189493, at *7 (N.D. Ga. Mar. 21, 2013).

Here, Plaintiffs freely admit they were required but failed to disclose the expert opinions of their treating physician witnesses by the September 1, 2016 deadline. (Doc. no. 24, p. 3.) However, they also claim they can cure this defect by furnishing expert disclosures by October 3, 2016. (Id.)

When a party fails disclose an expert, a court should exclude that testimony unless "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). As an alternative to this harsh sanction, a court may order payment of reasonable expenses caused by the failure, inform the jury of the party's failure, or impose other appropriate sanctions. Fed. R. Civ. P. 37(c)(1)(A)-(C). In determining whether a failure to disclose is substantially justified or harmless, courts weigh five factors:

(1)     the surprise to the party against whom the evidence would be offered;

(2)     the ability of that party to cure the surprise;

(3)     the extent to which allowing the evidence would disrupt the trial;

(4)     the importance of the evidence; and

(5)     the nondisclosing party's explanation for its failure to disclose the evidence.

Rangel, 2016 WL 4468558, at *3; Kondragunta, 2013 WL 1189493, at *7; Cambridge Univ. Press v. Becker, No. 1:08-CV-1425-0DE, 2010 WL 6067575, at *3 (N.D. Ga. Sept. 21, 2010).

Defendants contend this Court's opinion in Rangel is "directly analogous to this instant case"; however, considering the five factors, Plaintiffs' failure to disclose here, unlike

4

in <u>Rangel,</u> is harmless. (Doc. no. 26, p. 6.) In contrast to <u>Rangel,</u> where six months had passed since the disclosures were due and Defendants had already deposed Plaintiff's expert, only one month has passed since the disclosure deadline. <u>Rangel</u>, 2016 WL 4468558, at *1, *3. Furthermore, the first Plaintiffs' expert deposition is scheduled for October 19, 2016. (Doc. no. 26, p. 6.) Thus, any surprise to Defendants is clearly curable by prompt disclosure of Plaintiffs' experts and summaries. In addition, there will be no disruption to the trial, as it is still months away, and the expert treating physicians' testimonies are of great importance to the presentation of Plaintiffs' case. (Doc. no. 24, p. 4.) Although Plaintiffs' explanation for its failure to disclose is wanting, the importance of the evidence and the ability to cure the surprise outweigh this consideration. Considering all the factors, Plaintiffs' failure to disclose was harmless provided they cure their mistake by promptly providing expert summaries.

As an alternative to exclusion, the Court may impose monetary sanctions for Plaintiffs' failure. <u>See</u> Fed. R. Civ. P. 37(c)(1)(A). Plaintiffs concede such sanctions are appropriate. (Doc. no. 24, p. 4.) Accordingly, the Court **ORDERS** Defendants to submit an itemization of their costs and attorneys' fees related to this motion so that the Court may impose appropriate monetary sanctions. Plaintiffs should have already made their expert disclosures as it is well past the proposed October 3, 2016, disclosure date in their response. However, if Plaintiffs have not done so, the Court **ORDERS** Plaintiffs to furnish Defendants with the required expert summaries by October 21, 2016. The parties should contact the Court to resolve any scheduling difficulties surrounding the previously scheduled October 19, 2016, deposition because of Plaintiffs' delayed disclosure. In order to give Defendants

adequate time to review the disclosures, the Court extends the deadlines in this case in a contemporaneous revised scheduling order.

Plaintiffs also seek an extension of time to file their response to Defendants' motion. (Doc. nos. 23, 24.) However, Plaintiffs filed their response on September 29, 2016, before the time for a response expired on October 3, 2016. Therefore, Plaintiffs' motion should be **DENIED AS MOOT**.

## III.   CONCLUSION

For the reasons stated above, the Court **GRANTS** in part Defendants' motion for sanctions (doc. no. 22), **DENIES** Defendants' request to exclude any potential expert witnesses or expert testimony offered by Plaintiffs, **ORDERS** Plaintiffs to furnish expert witness disclosures to Defendants by October 24, 2016, and by the same deadline **ORDERS** Defendants to file an itemization of their costs and attorneys' fees accrued in preparing and filing their motion so that the Court may impose monetary sanctions. The Court **DENIES AS MOOT** Plaintiffs' Motion for Extension of Time to File a Response (doc. no. 23) and **EXTENDS** remaining deadlines in a contemporaneous Revised Scheduling Order.

SO ORDERED this 18th day of October, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA